IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY KEITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:04cv716-F |
| ) | WO |
| MGA, INC., and all Holding Companies ) | |
| affiliated entities doing business as ) | |
| Movie Gallery ) | |
| ) | |
| Defendant. ) | |

## ORDER ON MOTION

This case is before the court on plaintiff's motion to quash subpoena (Doc. # 31), plaintiff's motion for order to compel discovery (Doc. #33), and plaintiff's "second motion for order to compel discovery" (Doc. #36).[1]  For the reasons set out below, the motions are GRANTED in part and DENIED in part as follows:

1.    Plaintiff's motion to quash subpoena asks the court to quash a subpoena for banking records from the Headland National Bank generated during a 16-month period from March 2002 to May 2003 which relate to an account (possibly a campaign account) held by plaintiff.  Plaintiff contends that the records are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and that the subpoena is too broad and imposes an undue burden on the bank.  Defendant responds that the chairman of Movie Gallery (who was the decision-maker in this case) lent plaintiff some $28,000 via five checks

---

[1] Doc. # 36 is redundant; it raises no new issues.

which were deposited into the account in question. Plaintiff has made statements concerning the origin and purpose of the checks which defendant seeks to impeach with plaintiff's account records. The bank itself has not objected to production of the documents. The court concludes that the subpoena in question seeks relevant documents and is not overbroad or unduly burdensome. Accordingly, plaintiff's motion to quash is due to be denied.

2. Plaintiff's motion for order to compel discovery seeks a court order compelling defendant to respond to the following requests for production[2]:

> "(a) Copies of all emails containing jokes, sexual jokes, and all non-business related communications by the following persons:
>
>    1. Joe Malungen
>    2. Harrison Parrish
>    3. Page Todd
>    4. Mike Herring
>    5. Steve Roy
>    6. Jeff Stubbs
>    7. Jim Pongonis
>    8. Keith Cousins
>
> sent and received between September 17, 2000 and November 5, 2003.
>    (b) Copies of the résumés of all African-American, Asian, Hispanic or other racial minority Executives employed prior to November 5, 2005;
>            ...
>    (e) Documentation of any and all efforts to recruit and/or hire non-whites for supervisory or executive positions prior to November 5, 2003;
>    (f) Résumés of every member of the Legal Department and the following Executives:
>
>    1. Joe Malungen

---

[2] These requests for production are those about which plaintiff previously consulted with defendant in an effort to resolve the discovery dispute as required before filing the motion to compel. See Plaintiff's Exhibit C.

      2. Harrison Parrish
      3. Page Todd
      4. Mike Herring
      5. Steve Roy
      6. Jeff Stubbs
      7. Jim Pongonis
      8. Keith Cousins."

The court will address each of these requests in turn.

<u>E-Mails</u>

Plaintiff maintains that the e-mails he seeks are discoverable because he contends that he "was subjected to disparate discipline for conduct commonly engaged by Company employees." Plaintiff's Exhibit C. He argues that the company policy that he allegedly violated was not limited to email found offensive by the receiver, but instead prohibited all non-business e-mail. Plaintiff offers to have his own forensic expert access the hard drives to review and retrieve any such e-mails if necessary.[3]

Defendant responds, *inter alia*, that none of the individuals listed "ever had a single employee complaint about the content of any e-mail whereas Plaintiff admits that two different female employees complained about e-mail he sent to them on two different occasions and that he deserved to be written up." Response to Motion to Compel at 1-2. It maintains that the basis for plaintiff's termination "was defendant's good faith belief that he sexually harassed employees in direct face to face interactions," and the fact that "he had

---

[3] These arguments are contained in a letter dated May 24, 2005, from plaintiff's counsel to defendant's counsel, which is attached as an exhibit to plaintiff's motion to compel. The motion itself offers no argument and cites no authority.

3

previously offended two different employees via email was an aggravating factor." Id. at 2. Defendant also contends that the request is burdensome, as it would require retrieval and review of three years of e-mails for eight individuals; it would take 76 "man days" just to reload the e-mail. Plaintiff's Exhibit B. Further, defendant maintains that the e-mails contain personal communications, attorney-client privileged information, and sensitive business communications. Plaintiff's Exhibit A.

The court concludes that plaintiff is entitled to discovery of any e-mails transmitted by the listed individuals during the relevant dates that were the subject of complaints to management by employees who found the e-mails offensive. Those employees transmitting such e-mails, if any, appear to be similarly situated to plaintiff with regard to defendant's application, or failure to apply, its disciplinary policy. In all other respects, plaintiff's motion to compel, as it relates to employee e-mails, is due to be denied. Employees transmitting sexually explicit or suggestive emails which were not brought to the attention of management by means of a complaint are not situated similarly to plaintiff,[4] and the burdensomeness and intrusiveness of the requested discovery outweighs its likely benefit in resolving the issues before the court. See Coker v. Duke & Co., Inc., 177 F.R.D. 682, 685 (M.D. Ala. 1998) (court may limit discovery if it determines that the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount

---

[4] Even if those sending such emails were themselves managers, they are not situated similarly to plaintiff if the emails did not result in a complaint indicating that the communications were unwelcome.

in controversy, the parties resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.").

<u>Résumés</u>

Plaintiff seeks copies of the résumés of all African-American, Asian, Hispanic or other racial minority executives employed prior to November 5, 2005, as well as the résumés of every member of the legal department and those of eight named executives. Plaintiff's counsel's letter to defendant's counsel maintains, in connection with these requests, that "[m]y client clearly raises in his allegation of a 'hostile environment' [in the complaint], the lack of non-whites in Executive level positions and that he was prevented from applying for new positions since the Defendant would not post certain openings. This obviously would prevent him from working his way up the ladder." Plaintiff's Exhibit C. No further argument relating to these requests appears in plaintiff's motion to compel.

Defendant contends that plaintiff is not entitled to the discovery he seeks because "plaintiff is not claiming that he failed to receive a promotion granted to a minority or failed to receive any Executive level position." Response to Motion to Compel at 2. Further, defendant maintains that plaintiff never "expressed any interest in the positions identified in the request [that is, those held by individuals listed in subpart f] and by his own admission he was either not qualified for any of these positions or did [not] want the promotion." <u>Id</u>. at 3.[5]

---

[5] Defendant acknowledges that, according to his interrogatory answers, plaintiff does claim that he sought and did not receive two promotions (director of distribution and HR manager), and

Absent any further response by plaintiff to defendant's objections to these requests, the court cannot determine that the résumés requested are relevant to this action given defendant's uncontradicted representation, based on plaintiff's responses to interrogatories, that plaintiff neither sought a promotion to any of the positions held by the individuals whose résumés he seeks, nor contends that he was qualified for and/or interested in holding any of their positions. To the extent that plaintiff seeks evidence of "the lack of non-whites in Executive level positions" in order to prove that plaintiff was subjected to a racially hostile environment, such evidence does not appear to be relevant to the prima facie case required to make out a racially hostile environment claim, nor is it clear how the résumés of any non-white executives would assist plaintiff in establishing such a claim. See Bivins v. Jeffers Vet Supply, 873 F.Supp. 1500, 1507 (M.D. Ala. 1994) ("To prove a prima facie case of hostile working environment, plaintiff must establish that: (1) she belongs to a protected class; (2) she was subjected to unwelcome racial harassment; (3) the harassment was based on race; (4) the harassment affected a term, condition, or privilege of employment; and (5) respondeat superior.") ( citing Henson v. Dundee, 682 F.2d 897, 903-05 (11th Cir.1982)). Accordingly, the motion to compel, as it relates to the production of résumés, is due to be denied.

Minority Recruiting

---

was qualified for but unaware of 10 promotions. However, defendant indicates that plaintiff is not requesting résumés for any of those who received these promotions. In addition, it has offered to provide a résumé for Leah Brook, who apparently held a position in the legal department for which plaintiff believed he was qualified.

Plaintiff seeks production of "documentation of any and all efforts to recruit and/or hire non-whites for supervisory or executive positions prior to November 5, 2003." Plaintiff's counsel's letter to defendant's counsel indicates that this discovery is requested because it "would tend to support or deny Plaintiff's claim that Defendant operated a racially hostile environment and therefore is clearly material and relevant." Plaintiff's Exhibit C. Further, this request "will allow Plaintiff to compare that data with those data Plaintiff already has to support his claim of racially hostile environment or deny it; Again, relevant and material." Id.

Defendant contends that plaintiff is not entitled to discovery of this information "since there is no hiring claim in this case and because Plaintiff is not claiming that he failed to receive an Executive level position." Response to Motion to Compel at 3. However, plaintiff appears to seek this discovery to support a hostile environment claim, not to prove a hiring or promotion claim. Despite that fact, the court cannot compel the production of "documentation of any and all efforts to recruit and/or hire non-whites for supervisory or executive positions prior to November 5, 2003" on the ground that such information is relevant to a racially hostile environment claim. Plaintiff has not provided the court with any argument as to how information of this kind would assist him in establishing a prima facie case of a racially hostile environment – whose elements, noted above, do not appear to have anything to do with minority recruiting – or otherwise support a claim or defense in this case. Thus, the motion to compel, as it relates to discovery concerning minority recruiting, is due to be denied.

Accordingly, it is

ORDERED that:

1. Plaintiff's motion to quash subpoena (Doc. # 31) is DENIED.

2. Plaintiff's motion for order to compel discovery (Doc. #33) is GRANTED to the extent that defendant is DIRECTED to produce, within 15 days of this order, any e-mails transmitted by the listed individuals between September 17, 2000 and November 5, 2003 that were the subject of complaints to management by employees who found the e-mails offensive.  In all other respects, the motion is DENIED.

3. Plaintiff's second motion for order to compel discovery (Doc. #36) is DENIED.

DONE, this 21st day of November, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE