IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY KEITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:04-CV-716-WKW |
| | ) | (WO) |
| MGA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the defendant's Motion for Summary Judgment (Doc. # 39), filed on October 25, 2005. For reasons to be discussed, the Court finds that the Motion for Summary Judgment is due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

The undisputed facts contained in the parties' evidentiary submissions show the following:

Plaintiff Anthony Keith ("Keith") worked for the defendant MGA, Inc. ("MGA") from 1994 until November 5, 2003. Keith was originally hired by MGA Chief Executive Officer Joe Malugen ("Malugen") as a law clerk. He has taken the Alabama bar exam several times, but has not passed the exam. Keith moved to the real estate department at MGA in 1995 and worked in that department until 2000. During this time he received five raises. In February 2000, Keith moved to the legal department at MGA, where a position had been created specifically for him; the position was not posted. Later that year, Keith received a raise. In August 2002, Keith was transferred back to the real estate department and received another raise. He remained in this position until he was terminated in 2003.

During his employment with MGA, Keith, who is African-American, made numerous complaints about race discrimination. In 1996 or 1997, he complained to Malugen about a promotion another employee received and about the compensation of a black female employee. In 1999, Keith complained to Malugen about white employees being promoted to positions that were not posted within the company. In 2000, he again complained about racial disparities. In 2002, Keith complained to Malugen about a position which had been filled by a white employee without being posted within the company. Also around 2002, Keith complained to Malugen about the lack of black executives at MGA. Finally, in July 2003, Keith wrote a letter to Malugen, complaining about racial disparities at MGA with regard to pay and promotion.

In September 2000, Keith received a verbal reprimand for sending an e-mail containing sexually explicit jokes to three female co-workers, after one of the women complained to MGA's human resources department.[1] In October 2000, Keith sent another sexually explicit e-mail to five female employees. As a result, he received a formal written warning which stated that Keith had violated the company e-mail policy and that future violations could result in further disciplinary action, including termination.[2]

After Keith made a written complaint to Malugen in July 2003 regarding racial discrimination, MGA launched an internal investigation into his claims. Keith provided Christa

---

[1] Keith admitted that sending the e-mail in question was "totally inappropriate." (Keith Dep. at 257:14-17.)

[2] Keith acknowledged the following with respect to the warning: "I fully understand the nature of my actions and the warnings issued. The company has my assurance that these types of occurrences will not happen again." (Keith Dep. Ex. 22.) Keith's written assurance was insincere. In his deposition, Keith not only testified that he believed it was appropriate to send sexually explicit e-mails to female employees, but he also admitted that he continued to do so after receiving two warnings. Additionally, Keith stated that he believed it was appropriate to engage in sexually explicit discussions with female employees. (Keith Dep. at 261:23-262:12.) The record is replete with Keith's admission of other episodes of sending offensive, sexually explicit e-mails to female employees.

Forrester ("Forrester"), MGA's in-house counsel, with a list of employees he believed might have information about his claims of racial discrimination. One of those employees, Nicole Wilkinson ("Wilkinson"), accused Keith of sexual harassment. Wilkinson told Forrester that Keith had made comments to her that made her uncomfortable, and that she believed were of a sexual nature. Forrester and Karla McCormick ("McCormick"), MGA's human resources director, then conducted an investigation into Wilkinson's claims. Three other female employees complained about unwanted sexual behavior by Keith. Forrester recommended to Malugen that Keith be terminated. MGA had previously terminated 22 employees after allegations of sexual harassment had been made against them. On November 5, 2003, Malugen terminated Keith, citing as reasons the recent allegations of sexual harassment and his previous reprimands for violation of the company e-mail policy.

On July 27, 2004, Keith filed a complaint against MGA, claiming that MGA discriminated against him on the basis of his race by terminating his employment, and that his termination was in retaliation for complaining about racial inequality in the workplace. Keith also claimed that he was subjected to a race-based hostile work environment.[3] MGA filed its Motion for Summary Judgment on October 25, 2005. Keith filed a response on January 1, 2006, and MGA filed its reply on January 20, 2006.

## II. JURISDICTION AND VENUE

---

[3] Keith's Complaint could also be read to include a claim of discriminatory hiring, compensation and promotion (*see* ¶ 15), and MGA has addressed any potential failure to promote claims in its Motion for Summary Judgment. (Doc. # 40 at 10-19.) However, as it appears to the Court that any evidence Keith has presented regarding hiring, compensation and promotion is presented in support of his hostile work environment claim (*see* Doc. # 51 at 4, 7), the Court finds no need to address a separate failure to promote claim. Further, Keith did not specifically assert a failure to promote claim in his Complaint. *See Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004) ("Any claims not asserted in the plaintiff's Complaint are properly dismissed.").

Because this case arises under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq.,* the Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Additionally, the Court finds that the record includes adequate allegations supporting personal jurisdiction and venue.

### III.  SUMMARY JUDGMENT STANDARD

Under Rule 56 (c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the court must believe the evidence of

4

the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c).

## IV. DISCUSSION

Keith brings claims under both Title VII and 42 U.S.C. § 1981. These claims "have the same requirements of proof and use the same analytical framework"; therefore, the Court will "explicitly address the Title VII claim with the understanding that the analysis applies to the § 1981 claim as well." *Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1330 (11th Cir. 1998). Title VII provides that it is illegal for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to the full and equal benefit of all laws and proceedings for the security of persons and property . . . ." 42 U.S.C.A. § 1981 (a).

*A.    Discriminatory Termination*

Because Keith presents circumstantial, rather than direct, evidence of discrimination, his claims are governed by the analysis found in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this test, the plaintiff has the initial burden of establishing a *prima facie* case of unlawful employment discrimination. *Id*. at 802; *Young v. Gen. Food Corp.*, 840 F.2d 825, 828 (11th Cir. 1988). To establish a *prima facie* case of discriminatory termination, Keith must show

that:  (1) he belongs to a protected class;  (2) he was subjected to adverse employment action;  (3) he was qualified to do the job;  and (4) his employer treated similarly situated employees outside his classification more favorably.  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004) (citing *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)).  There is no dispute that the first three prongs of this test have been met.  Keith is African-American and thus belongs to a protected class.  Further, MGA has not argued that Keith was not qualified for his position in the real estate department.  Finally, termination qualifies as an adverse employment action.  The fourth requirement for a *prima facie* case is where the dispute in this case lies.

The Eleventh Circuit has held that, in order to make such a comparison for the sake of showing discrimination, the plaintiff and the other employee must be "similarly situated in all relevant respects." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997).  "[T]he quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999).  "In determining whether employees are similarly situated for purposes of establishing a *prima facie* case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Jones v. Bessemer Carraway Med. Ctr.*, 137 F.3d 1306, 1311 (11th Cir.), *opinion modified by* 151 F.3d 1321 (1998).  "The most important factors in the disciplinary context . . . are the nature of the offenses committed and the nature of the punishment imposed." *Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001), *cert. denied*, 535 U.S. 1013 (2002) (citations omitted).  Keith cannot point to any similarly situated employees of MGA who were treated differently.  He has asserted that other employees violated the company e-mail policy and were not

6

fired; however, he has not pointed to any other employees who violated the company e-mail policy and were subsequently accused of sexually harassing multiple female employees and were not fired. Because the Eleventh Circuit requires that the "nature of the offenses" must be the same when comparing the treatment of employees by an employer, Keith has failed to meet the fourth prong of the *prima facie* case. He has not submitted evidence demonstrating that other employees who had been accused of similar conduct were not fired.

Even assuming, *arguendo*, that Keith could establish a *prima facie* case, he cannot establish that MGA's proffered legitimate reasons for termination are mere pretexts and that discrimination was the motivating factor. After the plaintiff has established a *prima facie* case, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Chapman*, 229 F.3d at 1024. The employer's burden is "exceedingly light," requiring only that the employer offer evidence that could lead a rational fact-finder to believe the decision was not discriminatory. *Turnes v. AmSouth Bank, N.A*, 36 F.3d 1057, 1061 (11th Cir. 1994). At this stage, the employer has only the burden of production, not of persuasion. *See, e.g., Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-55, 258 (1981); *McDonnell Douglas*, 411 U.S. at 802. It is not necessary that the court believe the evidence; the court's analysis "can involve no credibility assessment." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). If the employer is able to satisfy this burden, "'the McDonnell Douglas framework—with its presumptions and burdens'—disappear[s] and the sole remaining issue [is] 'discrimination vel non.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142-43 (2000) (citing *St. Mary's Honor Ctr.*, 509 U.S. at 113, and *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714 (1983)). MGA has met its burden by articulating a legitimate, non-discriminatory reason for Keith's termination.

MGA claims that Keith was terminated because he was accused of sexual harassment by four MGA employees, and that it was company policy to fire employees accused of such behavior if an investigation revealed the complaints to be credible.

The burden now shifts back to Keith to demonstrate that MGA's reasons are merely pretexts. "[T]o avoid summary judgment [the plaintiff] must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1228 (11th Cir. 1993) (citation omitted). "A reason is not pretext for discrimination 'unless it is shown both that the reason was false, *and* that discrimination was the real reason.'" *Johnson v. Atlanta Independent School System*, 137 Fed. Appx. 311, 315 (11th Cir. 2005) (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 515 (emphasis in original)). The plaintiff may meet this burden by pointing out "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action." *Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004). The Supreme Court has held that a "plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148. Keith has not produced any evidence to demonstrate that MGA's stated reasons for his termination are false. He has not submitted evidence contradicting MGA's assertion that it received sexual harassment complaints against him, nor has he submitted evidence to demonstrate that, upon investigation, MGA did not find the complaints to be credible.[4] Further, Keith has not

---

[4] Although he does not specifically refer to it in his response to MGA's Motion for Summary Judgment, Keith has submitted an affidavit from Bennie Griffin (Pl.'s Ex. D) containing several statements that constitute inadmissible hearsay. In his affidavit, Griffin asserts that one of the women MGA claims accused Keith of harassment said she had never been offended by Keith and did not contact MGA to make a complaint. Griffin also asserts that a local minister told Malugen that Wilkerson could not be trusted. MGA has filed a Motion to Strike (Doc. # 53) requesting the Court disregard this hearsay. Because affidavits submitted in opposition to a motion for

offered any explanation why, upon receiving and investigating those complaints, MGA should have treated him more favorably than others accused of similar behavior.[5]

Therefore, MGA's Motion for Summary Judgment as to Keith's discriminatory termination claim is due to be granted.

B.      *Retaliatory Termination*

Title VII states, in relevant part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). A plaintiff may prove a *prima facie* case of retaliation by showing that "(1) he engaged in statutorily protected activity, (2) he suffered an adverse employment action, and (3) there is some causal relation between the two events." *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998) (citations omitted). "To establish that a plaintiff engaged in statutorily protected expression, . . . a plaintiff must show that []he 'had a good faith, reasonable belief that the employer was engaged in unlawful employment practices.'" *Phillips v. Hibbett Sporting Goods, Inc.*, 329 F. Supp. 2d 1280, 1292 (M.D. Ala. 2004) (quoting *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002)). The Eleventh Circuit has held that "the protection afforded by the statute is not limited to individuals who have filed formal complaints, but extends as well to those

---

summary judgment must present facts that would be admissible in evidence, *see* Fed. R. Civ. P. 56(e), MGA's motion is granted to the extent that it seeks to strike the portions of Griffin's affidavit that constitute inadmissible hearsay. *See also McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996); *DeVaughn v. City of Clanton, Ala.*, 992 F. Supp. 1318, 1320 (M.D. Ala. 1997).

[5] Malugen testified in his deposition that other MGA employees accused of similar or even less egregious conduct in the past had been terminated. (Malugen Aff. at ¶¶ 4-6.)

. . . who informally voice complaints to their superiors or who use their employers' internal grievance procedures." *Rollins v. State of Fla. Dep't of Law Enforcement*, 868 F.2d 397, 400 (11th Cir. 1989). "The causal link element is construed broadly so that 'a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated.'" *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (citations omitted).

In the present case, Keith argues that he engaged in statutorily protected activity when he made multiple complaints over a number of years to Malugen about the status of black employees. MGA does not dispute that these informal complaints constitute protected activity, but rather argues that there is no causal connection between Keith's complaints and his termination. Keith's July 2003 complaint prompted MGA to launch an investigation; instead of uncovering evidence of racial disparities, the investigation revealed evidence of sexual harassment by Keith. (Def.'s Ex. C, ¶¶ 3-6; Ex. D, ¶ 6.) Given that Keith had complained on multiple occasions before 2003—dating back to 1996 or 1997—the Court agrees that Keith has not presented sufficient evidence of a causal connection. In fact, in 2000, after Keith had already complained to Malugen on multiple occasions, MGA created a position for Keith in the legal department. (Keith Dep. 51:2-9.) Additionally, in 2002, he was given a promotion and a raise. (Keith Dep. 51:15-52:23.) When Keith complained in 2003, MGA took his complaint seriously enough to launch an internal investigation into racial disparities in pay and promotion. It was only after interviewing Nicole Wilkerson, an employee whom Keith himself had recommended as someone who might share his point of view regarding racial disparities at MGA, that the allegations of sexual harassment surfaced. (Def.'s Ex. C, ¶ 5.) Keith has not offered sufficient evidence to show that MGA manufactured these allegations as an "excuse" to fire him, nor has he demonstrated that the allegations against him did not warrant

10

termination.   For these reasons, Keith has not demonstrated a causal connection between his complaints and his termination.

However, as discussed above in part A, even if Keith were able to establish a *prima facie* case of retaliation, MGA has proffered a legitimate, non-discriminatory reason for his termination, and Keith has not submitted evidence to demonstrate that this reason was pretextual, or that discrimination was the real reason he was fired.  MGA's Motion for Summary Judgment as to Keith's retaliatory termination claim is therefore due to be granted.

    C.    *Hostile Work Environment*

To prove a *prima facie* case of hostile work environment harassment based on race or sex the plaintiff must show:  "(1) that he belongs to a protected group;  (2) that he has been subject to unwelcome harassment;  (3) that the harassment must have been based on a protected characteristic of the employee . . .;  (4) that the harassment was sufficiently severe or pervasive to alter the terms or conditions of employment and create a discriminatorily abusive working environment;  and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability."   *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).   The Supreme Court has stated that an "objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so."  *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998).

Keith claims that he was subjected to a racially hostile work environment because all of MGA's executives are white males, white employees received preferential treatment and promotions, and MGA failed to recruit minority job applicants or encourage a racially diverse workplace.  The Eleventh Circuit "has required pervasive conduct by employers before finding that a hostile work

environment existed . . . ." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1231-32 (11th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002). "In assessing whether harassment is objectively severe and pervasive, courts typically look to: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct was physically threatening and humiliating or just a mere utterance; and (4) whether the conduct unreasonably interferes with the employee's work performance." *Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1247-48 (11th Cir. 2004). Under this standard, the conditions cited by Keith do not meet the Eleventh Circuit's "severe and pervasive" requirement.

Keith offers as evidence in support of his claim the following facts: (1) All of the executives at MGA are white males; (2) Malugen does not know the racial makeup of the workforce at MGA's support center in Dothan; (3) MGA has no formal written plan for diversity; (4) Malugen cannot identify any minority colleges from which MGA recruits employees for the support center; (5) MGA does not post all job openings before filling them; (6) MGA has not produced the resumes of employees in management and executive positions to demonstrate that they were qualified for these jobs.[6] Keith demonstrates, at best, that MGA is run primarily by white males and has not made significant attempts to recruit minority employees. Keith has not shown, however, that the racial

---

[6] The Court notes again that Keith has not alleged a specific failure to promote claim (*see* footnote 1). Even if he had, Keith has not presented sufficient evidence to survive summary judgment on such a claim. The burden is on Keith to demonstrate that he was qualified for any promotions he claims he was denied; the burden is not on MGA to prove that those currently occupying those positions are qualified for them, or more qualified than Keith. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079 (11th Cir. 2004) (stating that a plaintiff must establish that he was qualified for the promotion in order to establish a *prima facie* claim of failure to promote); *see also Jones v. Firestone Tire and Rubber Co., Inc.*, 977 F.2d 527, 533 (11th Cir. 1992) (finding that, even where an open position was not posted, the plaintiff must demonstrate that he was qualified for the position in order to make out a *prima facie* case of discrimination). Keith has offered no such evidence—other than his own opinions of his qualifications as presented in his affidavit—and therefore has not established a *prima facie* case of failure to promote. *See Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1254 (noting that an employee's own opinions with regard to his qualifications do not create an issue of material fact).

composition of employees at MGA subjected *him* to unwelcome harassment based on his race. Keith has not alleged that he was the subject of racial slurs, physical threats or any conduct that unreasonably interfered with his ability to perform his job duties. In short, Keith has entirely failed to meet the burden for establishing a *prima facie* case of a hostile work environment. MGA's Motion for Summary judgment as to Keith's hostile work environment claim based on race is therefore due to be granted.

### V.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1. The defendant's Motion for Summary Judgment (Doc. # 39) is GRANTED.

2. The defendant's Motion to Strike (Doc. # 53) is GRANTED to the extent that it seeks to strike portions of affidavits that constitute inadmissible hearsay; in all other respects, it is DENIED.

3. The clerk is DIRECTED to remove this case from the May 15, 2006 trial docket.

A final judgment will be entered in accordance with this order.

DONE this the 14th day of April, 2006.

                                /s/  W.  Keith Watkins
                                UNITED STATES DISTRICT JUDGE